UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MWANES GHANEM,

     Petitioner,

v.

JAIME RIOS, et al.,

     Respondents.

Case No. 5:26-cv-01615-KES

ORDER GRANTING PETITION AND REQUIRING PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY

## I.    BACKGROUND

On April 2, 2026, Mwanes Ghanem ("Petitioner") filed a counseled Petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").

Petitioner alleges that he "is a citizen of Syria who entered the United States on December 29, 2024, at or near the border, seeking protection due to a well-founded fear for his life." (Pet. at 2 ¶ 2.)  He "expressed a fear of return to Syria and was referred for a credible fear interview." (Pet. at 2 ¶ 2.)  He "received a negative credible fear determination, which he timely requested to be reviewed by

1

an Immigration Judge." (Pet. at 2 ¶ 3.) On February 5, 2025, the Immigration Judge "issued a decision affirming the credible fear finding and dismissing Petitioner's case." (Pet. at 2 ¶ 3.) "Since that time, Petitioner has remained continuously detained in immigration custody and has never been released." (Pet. at 2 ¶ 3.) He is currently detained at the Desert View Facility in California. (Pet. at 2 ¶ 4.)

The Petition raises the following claims:

Grounds One and Two: Respondents are violating Petitioner's rights under the Fifth Amendment Due Process Clause because he "has been continuously detained for over fifteen months without any individualized determination that he poses a danger to the community or a risk of flight." (Pet. at 15 ¶ 64.)

Ground Three: Petitioner is "in custody in violation of the Constitution or laws of the United States" because "Respondents detain Petitioner pursuant to 8 U.S.C. § 1225(b)(1)," and "[w]hile that statute authorizes detention at the outset of expedited removal proceedings, it does not permit indefinite or unreviewed detention in violation of the Constitution." (Pet. at 16-17 ¶¶ 73, 75.)

Ground Four: "Where immigration detention becomes prolonged and constitutionally suspect, due process requires either immediate release or, at minimum, a prompt individualized custody hearing before a neutral decision maker." (Pet. at 17 ¶ 77.) "At any such hearing, the government must bear the burden of proving that continued detention is lawful and necessary." (Id. at ¶ 78.)

The Petition seeks an order requiring "Respondents to immediately release Petitioner from custody," or in the alternative, "a prompt, individualized custody hearing before a neutral decision maker at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified based on flight risk or danger to the community." (Id. at 18 ¶¶ 2, 5.)[1]

_____

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA") (Pet. at 18 ¶ 6), Petitioner's counsel must file a

On April 17, 2026, Respondents answered the Petition, stating in relevant part:

> Petitioner filed a Petition[] for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order essentially requiring Respondents to release him from immigration detention among other requests listed in his Petition. … The Respondents are not presenting any opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution of" § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter.

(Dkt. 10.)

## II.    CONCLUSION

Based on the reasons stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1.    Judgment shall be entered granting the Petition.

2.    Respondents shall immediately release Petitioner from custody.

3.    Respondents shall file a status report **within three (3) days** of this order confirming that they have released Petitioner from custody.

DATED:  April 20, 2026

*Karen E. Scott*

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

post-judgment application that complies with the 28 U.S.C. § 2412(d)(1)(B).

3